FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2015 MAR 18 AM 9: 36

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

| | |
|---|---|
| THOMAS SAPP, on behalf of himself and those similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) ) | Civil Action No.: 5:15-cv-132-OC-34PRL |
| SOUTHERN UNDERGROUND UTILITIES, INC. ) ) ) | |
| Defendant. ) ) ) | |

## COMPLAINT

COMES NOW the Plaintiff, THOMAS SAPP, on behalf of himself and those similarly situated ("PLAINTIFF"), and files this Complaint against Defendant SOUTHERN UNDERGROUND UTILITIES, INC. ("DEFENDANT") respectfully stating unto the Court the following:

### GENERAL ALLEGATIONS

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA").

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation, with its principal place of business in Marion County, Florida. DEFENDANT is a utility company that installs underground cables.

4. DEFENDANT, directly or indirectly acted in the interest of an employer toward

Plaintiff and the similarly situated employees at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of PLAINTIFF and the similarly situated employees.

## **BACKGROUND**

5. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. PLAINTIFF seeks permanent injunctive relief and damages suffered as the result of that violation.

6. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

7. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

8. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

10. During Plaintiff's employment, he worked as a cable installer who installed underground fiber optic cables and for which he was supposed to be paid on an hourly basis. The additional persons who may become Plaintiffs in this action are DEFENDANT'S current and former employees, who worked hours for DEFENDANT, but were not compensated for those hours and who were not paid time and one-half when they worked more than 40 hours per week.

11. Plaintiff's primary duties, as well as the duties of those similarly situated, were of a non-exempt nature, and included manual labor.

12. At all relevant times, PLAINTIFF'S hours varied. Between April 2014 and May 2014, PLAINTIFF worked approximately 100 hours for DEFENDANT and received no compensation.

13. DEFENDANT failed to pay PLAINTIFF and those similarly situated for all the time they worked. Instead, DEFENDANT frequently required PLAINTIFF and those similarly situated to work and failed to pay them at least minimum wage for all the hours they worked each pay period.

14. The FLSA requires an employer to pay its employees at a rate of at least one and one-half their regular rate for time worked in one work week over 40 hours. This is commonly known as "time-and-a-half pay for overtime work."

15. Despite working overtime, PLAINTIFF was not paid time and one-half pay from DEFENDANT for overtime worked. In fact, sometimes PLAINTIFF was not paid at all for any hours he worked, whether they were overtime hours or not.

16. Upon information and belief, DEFENDANT has, since the *beginning of PLAINTIFF'S* employment, willingly, deliberately and intentionally refused to pay PLAINTIFF and the similarly situated employees for time actually worked, and for time and one-half pay for overtime worked when he worked over forty hours per week.

17. PLAINTIFF and the similarly situated employees are, therefore, owed compensation for time actually worked but not paid, and time and one-half overtime wages and back wages by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

18. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

19. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, and the similarly situated employees, handled and used materials, which have moved in interstate commerce.

20. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

21. PLAINTIFF and the similarly situated employees at all relevant times were non-exempt employees of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

22. During PLAINTIFF'S employment with DEFENDANT, PLAINTIFF performed work for which he was not compensated and in addition, overtime work for which no overtime premium was paid to him by DEFENDANT in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically, DEFENDANT violated §7 of the FLSA by failing to pay time and one-half overtime wages to PLAINTIFF and the similarly situated employees when they were hourly, non-exempt employees who earned overtime pay, and violated the minimum wage provisions of the Act by failing to pay PLAINTIFF and those similarly situated at all for many of the hours they worked.

23. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF and the similarly situated employees.

24. DEFENDANT'S failure to compensate PLAINTIFF and the similarly situated employees for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

25. DEFENDANT'S failure to properly administer a scheme of compensation, including, but not limited to, actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

26. DEFENDANT'S failure to compensate PLAINTIFF and the similarly situated employees for all compensable hours was a willful and knowing violation of the FLSA.

27. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF and the similarly situated employees, PLAINTIFF and the similarly situated employees have suffered substantial delays in receipt of wages owed and damages.

28. DEFENDANT'S failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

29. Pursuant to 29 U.S.C. §§207 and 216, DEFENDANT owes PLAINTIFF and the similarly situated employees compensation for unpaid work, compensation for overtime work, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

30. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF and the similarly situated employees demand judgment against DEFENDANT and respectfully pray the Court that PLAINTIFF and those similarly situated will recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest,

attorney fees, costs of litigation and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; for an Order enjoining DEFENDANT from continuing its practice of failing to compensate employees; and, for such other and further relief as the Court may deem just and proper.

Dated: March 17, 2015

                                      Respectfully submitted,

                                      **THE LAW OFFICE OF MATTHEW BIRK**

                                      **/s/ Matthew W. Birk**
                                      **Matthew W. Birk**
                                      Florida Bar No.: 92265
                                      309 NE 1st Street
                                      Gainesville, FL 32601
                                      (352) 244-2069
                                      (352) 372-3464 FAX
                                      ATTORNEYS FOR PLAINTIFF